IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION


| | | |
|---|---|---|
| WALDEN EUGENE DAVIDSON | § | |
| v. | § | CIVIL ACTION NO. 6:11CV412 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

<u>ORDER OF DISMISSAL</u>

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has filed written objections with regard to only one finding by the Magistrate Judge: whether the Administrative Law Judge's ("ALJ") determination of Plaintiff's residual functional capacity ("RFC") is supported by substantial evidence. Plaintiff does not otherwise object to the Report and Recommendation.

In his objections, Plaintiff asserts four different points of error. All of these relate to Plaintiff's original argument that the ALJ relied on the opinion of State Agency non-examining physician Dr. Reid, which Plaintiff asserted in his original brief and again in his objections did not consider all of his impairments, and the ALJ's consideration of the other medical sources represented in the record. As the Magistrate Judge pointed out, Dr. Reid's opinion was only one source informing the ALJ's decision. Despite Plaintiff's objections otherwise, the ALJ considered the

1

results and findings of virtually every medical record available in the transcript, including those of the Veterans Administration and others, as well as Plaintiff's own testimony.  *See* Tr. at 15-19.  To the extent that the ALJ may not have mentioned every individual test, record, or finding in the medical evidence of record, he is not required to do so.  "Although required to develop the record fully and fairly, an ALJ is not required to discuss *all* the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."  *See Valdez v. Astrue*, 2008 WL 501283, at *4 (W.D. Tex. Feb. 21, 2008) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (emphasis added in *Valdez*).  As the *Valdez* court observed, in a case where the record is lengthy (in this case, over 800 pages), "a requirement that the ALJ specifically mention each piece of evidence that the claimant views as significant is unreasonable."  *Id*.  *See also Holmes v. Astrue*, 2013 WL 638830, at *12 (N.D. Tex. Jan. 25, 2013) ("The ALJ's RFC decision can be supported by substantial evidence even if she does not specifically discuss all the evidence that supports her decision or all the evidence that she rejected," citing *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994)), *adopted by*, 2013 WL 646510 (N.D. Tex. Feb. 20, 2013); *Franzen v. Astrue*, 555 F. Supp. 2d 720, 739 (W.D. Tex. 2008) (citing *James J. Flanagan Stevedores, Inc. v. Gallagher*, 219 F.3d 426, 430 (5th Cir. 2000) and *Falco*, 27 F.3d at 167).  The ALJ's decision in this case was well-considered and the Court is satisfied the RFC he developed was supported by substantial evidence.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct.  The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court and Plaintiff's objections will be overruled.  In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**.  It is further

**ORDERED** that the complaint is hereby **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 7th day of March, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**